**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| John Feeley | |
| Plaintiff, | **JURY DEMANDED** |
| vs. | |
| Sully's Pub, Inc. d/b/a Chalk Craft Beerhouse and Mike Mathey | |
| Defendants. | |

**COMPLAINT FOR VIOLATIONS OF THE**
**FAIR LABOR STANDARDS ACT, 29 U.S.C. 201 _et seq._;**
**THE ILLINOIS MINIMUM WAGE LAW, 820 ILCS 105/1 _et seq._; and**
**THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT, 820 ILCS 115/1, _et seq._;**

Plaintiff, John Feeley, by and through his attorneys, Aaron B. Maduff and Walker R. Lawrence, of Maduff & Maduff, LLC, for his Complaint against Defendant, Sully's Pub, Inc. d/b/a Chalk Craft Beerhouse and Mike Mathey, alleges and states as follows:

**INTRODUCTION**

1.      Plaintiff, John Feeley, began working for Sully's Pub, Inc. d/b/a Chalk Craft Beerhouse and Mike Mathey ("Defendants") in September 2016 as a bartender.  Mr. Feeley was hired as a full-time bartender at five dollars per hour plus tips. The Defendants never paid Mr. Feeley his hourly wages.

**THE PARTIES**

2.      Plaintiff, John Feeley, is a citizen of the State of Illinois residing within the territorial jurisdiction of the United States District Court for the Northern District of Illinois. At all times relevant to this Complaint, Mr. Feeley was an "employee" as defined by 29 U.S.C. § 203(e), 820 ILCS 105/3(d) and 820 ILCS 115/2.

1

3.       Defendant, Sully's Pub, Inc. d/b/a Chalk Craft Beerhouse (hereinafter "Chalk"), is a corporation licensed in Illinois and doing business within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division. Defendant Chalk is and was at all times relevant to this Complaint an "employer" and an "enterprise engaged in commerce or the production of goods for commerce" within the definitions of §3(d) and §3(s) of the FLSA, 29 U.S.C. §§203(d), 203(s); §3(c) of the IMWL, 820 ILCS 105/3(c); and §2 of the IWPCA, 820 ILCS 115/2.

4.       Defendant, Mike Mathey  (hereinafter "Mathey"), is a citizen of the State of Illinois residing within the territorial jurisdiction of the United States District Court for the Northern District of Illinois.  Defendant Mathey is and was at all times relevant to this Complaint an "employer" and an "enterprise engaged in commerce or the production of goods for commerce" within the definitions of §3(d) and §3(s) of the FLSA, 29 U.S.C. §§203(d), 203(s); §3(c) of the IMWL, 820 ILCS 105/3(c); and §2 of the IWPCA, 820 ILCS 115/2.

**JURISDICTION AND VENUE**

5.       This Court has jurisdiction pursuant to §16(b) of the FLSA, 29 U.S.C. §216(b), and under §1331 of the Judicial Code, 28 U.S.C. §1331.  This Court has supplemental jurisdiction over Plaintiff's state law claims under §1367 of the Judicial Code, 28 U.S.C. §1367.

6.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the facts giving rise to this cause of action occurred in this District.

**CONDITIONS PRECEDENT**

2

7.      Plaintiff performed all conditions precedent to his employment with Defendants to receive the payment of his wages.

**FACTS**

8.      Plaintiff began working for the Defendants during the week of September 10, 2016.

9.      He was hired as a full-time bartender at a rate of $5.00 per hour plus tips.

10.     Plaintiff's last week of work was the week of February 27, 2017.

11.     The Defendants never paid the Plaintiff any hourly wage or overtime premium in those weeks in which he worked more than 40 hours.[1]

12.     Plaintiff's sole remuneration was in the form of tips paid bypatrons of the bar.

13.     Plaintiff estimates his hours were the following:

| Week of | Hours | Week of | Hours |
|---|---|---|---|
| Saturday, September 10, 2016 | 7 | Saturday, December 24, 2016 | 25 |
| Saturday, September 17, 2016 | 13 | Saturday, December 24, 2016 | 16 |
| Saturday, October 1, 2016 | 19 | Saturday, December 31, 2016 | 40 |
| Saturday, October 8, 2016 | 17.75 | Saturday, January 7, 2017 | 40 |
| Saturday, October 15, 2016 | 42.5 | Saturday, January 14, 2017 | 37 |
| Saturday, October 22, 2016 | 28.5 | Saturday, January 21, 2017 | 46 |
| Saturday, October 29, 2016 | 30.5 | Saturday, January 28, 2017 | 38 |
| Saturday, November 5, 2016 | 27.25 | Saturday, February 4, 2017 | 38 |
| Saturday, November 12, 2016 | 23 | Saturday, February 11, 2017 | 39.25 |
| Saturday, November 19, 2016 | 40 | Saturday, February 18, 2017 | 39.25 |
| Saturday, November 26, 2016 | 29 | Saturday, February 25, 2017 | 35 |
| Saturday, December 3, 2016 | 25.75 | Monday, February 27, 2017 | 14 |
| Saturday, December 10, 2016 | 24 | | |
| Saturday, December 17, 2016 | 24 | | |

---

[1] There was one week in which the Plaintiff took his hourly wage out of the till (as was customary by his co-workers), but he was required to return the money – which he did.

14.     In total, Plaintiff estimates that he worked 758.75 hours for which Defendants failed to pay him.

## COUNT I
## DEMAND FOR RELIEF FOR FAILURE TO PAY MINIMUM WAGE AND OVERTIME IN VIOLATION OF THE FLSA, 29 U.S.C. § 201 *et seq.*,

15.     Plaintiff restates and realleges paragraphs 1 through 14 as paragraph 15 of this demand for relief.

16.     By virtue of the foregoing, Defendants violated the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*.

17.     As a result of these violations, Plaintiff suffered pecuniary losses.

18.     Defendants were aware that the FLSA applied to them or showed reckless disregard as to whether or not the FLSA applied to them, and their violations were willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)     Order Defendants to produce all records of all hours worked by Plaintiff and of all compensation received by him;

(2)     Enter judgment in favor of Plaintiff in the amount shown to be due for the Defendants' failure to pay minimum wage and overtime, plus liquidated damages;

(3)     Enter judgment against Defendant for Plaintiff's reasonable attorney's fees, expenses, and the costs of this action; and

(4)     Award Plaintiff such other and further relief as this Court deems just and equitable.

**COUNT II**
**DEMAND FOR RELIEF FOR FAILURE TO PAY MINIMUM WAGE AND OVERTIME IN VIOLATION OF THE IMWL, 820 ILCS 105/1 *et seq.***

19.     Plaintiff restates and realleges paragraphs 1 through 14 as paragraph 19 of this demand for relief.

20.     By virtue of the foregoing, Defendants violated the IMWL by not paying minimum wage and/or overtime premiums to Plaintiff.

21.     Defendants' willful and wanton conduct in refusing to pay Plaintiff minimum wages warrants punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(1)     Order the Defendants to produce all records of all hours worked by Plaintiff and of all compensation received by him;

(2)     Enter judgment in favor of Plaintiff and against Defendants in the amount shown to be due for the Defendants' failure to pay minimum wage and overtime premiums;

(3)     Enter judgment in favor of Plaintiff and against Defendants for punitive damages in the amount provided for by §12(a) of the Illinois Minimum Wage Law, 820 ILCS ¶105/12(a).

(4)     Enter judgment against Defendants for Plaintiff's reasonable attorneys' fees, expenses, and costs of this action; and

(5)     Award Plaintiff such other relief as this Court deems just and appropriate.

**COUNT III**
**DEMAND FOR RELIEF FOR VIOLATION OF 820 ILCS 115/1, *et seq.***

5

**ILLINOIS WAGE PAYMENT AND COLLECTION ACT FOR**
**FAILING TO PAY FOR COMPENSATION**

22.     Plaintiff restates and realleges paragraphs 1 through 14 as paragraph 22 of this demand for relief.

23.     Defendants contracted with the Plaintiff to pay him for all hours worked and failed to pay him for all hours worked.

24.     As a result of this violation, Defendant has violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq*. because it has not paid Plaintiff for the compensation owed to him for his work..

25.     Defendants' willful and wanton conduct in refusing to pay Plaintiff for all hours worked warrants punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(1)     Order the Defendants to produce all records of all hours worked by Plaintiff and of all compensation received by him;

(2)     Enter judgment in favor of Plaintiff and against Defendants in the amount shown to be due for the Defendants' failure to pay Plaintiff for all hours worked;

(3)     Enter judgment in favor of Plaintiff and against Defendants for punitive damages in the amount provided for by §14(a) of the Illinois Wage Payment and Collection Act, 820 ILCS 115/14(a);

(4)     Enter judgment against Defendants for Plaintiff's reasonable attorney's fees, expenses, and costs of this action; and

(5)     Award Plaintiff such other relief as this Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY**

6

Respectfully submitted,

/s/ Walker R. Lawrence

Aaron B. Maduff
Atty. No. 6226932
Walker R. Lawrence
Atty. No. 6296405
Maduff & Maduff, LLC
205 N. Michigan, Ave., Suite 2050
Chicago, Illinois 60601
312/276-9000